UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. CANNAVAN,<br>Plaintiff,<br>v.<br>GAVIN NEWSOM, et al.,<br>Defendants. | No. 1:26-cv-07235-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 2) |

Plaintiff is a state prison who filed the instant action pursuant to 42 U.S.C. § 1983 on September 9, 2026, along with a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) Because Plaintiff has suffered three or more strikes under 28 U.S.C. ¶ 1915(g), his motion to proceed in forma pauperis should be denied.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious

physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

The Court takes judicial notice[1] of the following five prior lawsuits filed by Plaintiff in this district:[2] (1) Cannavan v. Newsom, No. 1:26-cv-6034-KES-EPG (E.D. Cal.) (dismissed as duplicative on August 31, 2026); (2) Cannavan v. Newsom, No. 1:26-cv-6035-KES-FJS (E.D. Cal.) (dismissed as duplicative on August 31, 2026); (3) Cannavan v. Newsom, No. 1:26-cv-6046-KES-EPG (E.D. Cal.) (dismissed as duplicative on August 31, 2026); (4) Cannavan v. Newsom, No. 1:26-cv-6048-KES-FJS (E.D. Cal.) (dismissed as duplicative on August 31, 2026); (5) Cannavan v. Newsom, No. 1:26-cv-6051-KES-FJS (E.D. Cal.) (dismissed as duplicative on August 31, 2026).[3]

Because Plaintiff has incurred at least three prior strikes, and each was dismissed prior to the commencement of the current action on September 9, 2026 (ECF No. 1), Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding in forma pauperis in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. See Cervantes, 493 F.3d at 1052-53.

[1] The Court may take judicial notice of court records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] When a plaintiff is proceeding in forma pauperis and his case is dismissed on grounds that it is duplicative of a previous action or presents res judicata, then the Court considers the dismissal to be on frivolous or malicious grounds under 28 U.S.C. § 1915(g). Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). Accordingly, a dismissal as duplicative counts as a "strike." Id.

[3] See also Cannavan v. Newsom, No. 1:26-cv-06995-EGC (PC) (recommending denial of application to proceed in forma pauperis under 28 U.S.C. ¶ 1915(g).)

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff alleges that he has been retaliated against by the failure to accommodate his requests for water and proper housing to access programs and services in violation of the Americans with Disabilities Act. (ECF No. 1 at 3.) The complaint lacks any allegation that Plaintiff was in imminent danger of physical injury when he file the complaint. The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff has clearly not presented a genuine imminent danger or a threat that is real and proximate. Accordingly, because Plaintiff has suffered three or more strikes and has not demonstrated an imminent danger, the Court will recommend his application to proceed in forma pauperis be denied.

## II.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied; and
2. Plaintiff be directed to pay $405.00 filing fee in order to further proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the

"right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 10, 2026**

STANLEY A. BOONE
United States Magistrate Judge